UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD HERSHIPS,<br><br>           Plaintiff,<br><br>      v.<br><br>CALIFORNIA SUPERIOR COURT, COUNTY OF YOLO IN CASE NUMBER 2023-0056,<br><br>           Defendant. | No.  2:24-cv-00677 DAD CKD PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff Howard Herships is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

    A.    <u>Legal Standard</u>

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will

(1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B. The Complaint

Plaintiff sues Defendant California Superior Court County of Yolo. ECF No. 1 at 1. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that the state court has denied him access to the courts by requiring him to post security in order to proceed in the state court action due to his status as a vexatious litigant. Id. at 1, 4-6. Plaintiff states he filed a "Request to File New Litigation by Vexatious Litigant" with the state court and was approved by the Presiding Judge to file his state court complaint pursuant to CCP § 391.7(b). Id. at 2, 40. Plaintiff

2

further states the state court defendants later "moved the Court to declare Herships a vexatious litigant requesting security before the case can proceed", which the state court granted requiring Plaintiff to "post[] $30,000.00 before [his] case [could] proceed." Id. at 4. Plaintiff alleges that "once the Presiding Judge decides that the case states a genuinely meritorious lawsuit the Court cannot deny access to Court as it would violate the Fourteenth Amendment statutory provisions of access to Court." Id. at 5. Plaintiff alleges violations of his equal protection and procedural due process rights under the United States Constitution, Fourteenth Amendment based on the state court requiring him to post security despite the initial approval to file without security by the Presiding Judge. Id. at 4-5. For relief, Plaintiff seeks injunctive and monetary relief. Id. at 6.

### C. Analysis

This complaint must be dismissed for several reasons. First, Plaintiff cannot sue the California Superior Court County of Yolo because state courts are arms of the State which are entitled to sovereign immunity under the Eleventh Amendment. Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003).

Second, assuming the state court action is ongoing, the Court cannot hear this case because it is barred by the doctrine of Younger abstention. Younger abstention applies to the following "three exceptional categories" of cases identified in New Orleans Public Service, Inc. v. Council of New Orleans, 491 U.S. 350, 367-68 (1989): "(1) 'parallel, pending state criminal proceedings,' (2) 'state civil proceedings that are akin to criminal prosecutions,' and (3) state civil proceedings that 'implicate a State's interest in enforcing the orders and judgments of its courts.' " ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014) (quoting Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 81 (2013)). "The Ninth Circuit also requires that "[t]he requested relief must seek to enjoin—or have the practical effect of enjoining— ongoing state proceedings." Id. (quoting AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007)). Here, it is clear that Plaintiff is seeking to undermine a state court order requiring him to post security in order to proceed in his state court action due to his vexatious litigant status. Accordingly, this implicates the state court's interest of enforcing its rulings and therefore divests this court of jurisdiction to hear this action pursuant to the doctrine of Younger

1  abstention.

2  Lastly, if the state court action is closed, the Court cannot hear this case because it is barred by the Rooker-Feldman doctrine. Federal district courts do not have appellate jurisdiction over state courts. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005). The Rooker-Feldman doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). The Rooker-Feldman doctrine applies to federal constitutional challenges to state court decisions, including claims under 42 U.S.C. § 1983. Benavidez v. County of San Diego, 993 F.3d 1134, 1142 (9th Cir. 2021) (quoting Doe & Assocs. Law Offs. v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001)). A federal court action constitutes a forbidden de facto appeal under Rooker-Feldman when the plaintiff complains of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants. Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). "Once a federal plaintiff seeks to bring a forbidden de facto appeal, ... that federal plaintiff may not seek to litigate an issue that is "inextricably intertwined" with the state court judicial decision from which the forbidden de facto appeal is brought." Id. at 1158. The Ninth Circuit has also determined that the Rooker–Feldman doctrine precludes a plaintiff from "challenging a state court decision declaring him a vexatious litigant." Bashkin v. Hickman, 411 Fed.Appx. 998, 999 (9th Cir. 2011). In seeking a remedy that invalidates a state court decision, Plaintiff is asking this Court to "review the final determinations of a state court in judicial proceedings" which is prohibited by the doctrine of Rooker-Feldman. In re Gruntz, 202 F.3d 1074, 1079 (9th Cir. 2000). Accordingly, this Court lacks jurisdiction to hear this case.

For all these reasons, the complaint must be dismissed. Leave to amend is not appropriate because amendment would be futile. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (while leave to amend shall be freely given, the court need not allow futile amendments). No amendment could overcome the deficiencies in the complaint to establish subject matter jurisdiction. Accordingly, the complaint should be dismissed

without leave to amend.

## II. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to proceed in forma pauperis (ECF No. 2 ) is GRANTED.

IT IS FURTHER HEREBY RECOMMENDED that:

1. Plaintiff's complaint (ECF No. 1) be dismissed without leave to amend pursuant to the doctrine of Younger abstention and/or the Rooker-Feldman doctrine; and
2. The Clerk of the Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  August 26, 2024

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4, hers0677.24

5