UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD HERSHIPS, | No. 2:24-cv-00677-DAD-CKD |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION |
| CALIFORNIA SUPERIOR COURT, COUNTY OF YOLO IN CASE NUMBER 2023-0056, | |
| | (Doc. No. 4) |
| Defendant. | |

Plaintiff Howard Herships, proceeding *pro se* and *in forma pauperis*, initiated this civil action pursuant to 42 U.S.C. § 1983 on March 4, 2024. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 26, 2024, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's complaint be dismissed without leave to amend due to this court's lack of subject matter jurisdiction. (Doc. No. 4 at 5.) In particular, the magistrate judge found that, regardless of the current procedural posture of plaintiff's underlying state court action, this court lacks jurisdiction over this case. (Doc. No. 4 at 3–4.) As recognized in the pending findings and recommendations, if plaintiff's state court action is ongoing, then this court must abstain from hearing this case under *Younger* abstention. (*Id.* at 3.) If plaintiff's state court action has been closed and plaintiff seeks to challenge that action, this federal court lacks

1

1    jurisdiction over this case because it is a *de facto* appeal from a state court judgment and therefore
2    barred by the *Rooker-Feldman* doctrine. (*Id.* at 4.) The magistrate further found that, even if this
3    court had jurisdiction over the case, plaintiff's claim would be barred by the Eleventh
4    Amendment. (*Id.* at 3.) The findings and recommendations were served on the parties and
5    contained notice that any objections thereto were to be filed within fourteen (14) days after
6    service. (*Id.* at 5.) On September 9, 2024, plaintiff timely filed his objections to the pending
7    findings and recommendations.

8    In his somewhat confusing objections, plaintiff contends that the *Rooker-Feldman*
9    doctrine does not apply here because he filed his complaint "well before any judgment contesting
10   the unconstitutional violation of [p]laintiff's rights of access to [c]ourt . . . ." (Doc. No. 5 at 8.)
11   In support of this contention, he cites to the decision in *Exxon Mobil Corp. v. Saudi Basic Indus.*,
12   arguing that his filing of the complaint in this action prior to the entry of final judgment in his
13   state court action prevents this court from lacking jurisdiction. (*Id.*); *Exxon Mobil Corp. v. Saudi*
14   *Basic Indus.*, 544 U.S. 280, 293–94 (2005). This objection lacks merit for two reasons. First, it
15   implies that the state court action is not closed and therefore *Younger* abstention should apply as
16   the magistrate judge had found, which plaintiff does not address. Second, even if the state court
17   action is closed at this point, *Exxon*'s holding does not apply since plaintiff is not pursuing a
18   parallel action to his state court claims — rather he is seeking declaratory and injunctive relief
19   against a state court judge in connection with an order that judge issued. (Doc. No. 1 at 5–6); *see*
20   *Exxon*, 544 U. S. at 1525–27 (describing the inapposite facts of that case). Regardless of the
21   pendency of the state court action then, plaintiff's objections do not provide any basis upon which
22   to reject the pending findings and recommendations.

23   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
24   *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's
25   objections, the court concludes that the findings and recommendations are supported by the
26   record and by proper analysis.
27   /////
28   /////

Accordingly,

1. The findings and recommendations issued on August 26, 2024 (Doc. No. 4) are adopted in full;
2. Plaintiff's complaint is dismissed, without leave to amend; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 19, 2024**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE